IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON LEE BELTON, JR.,

    Petitioner,                    No. CIV S-11-3365 CKD P

    vs.

MICHAEL McDONALD,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his 2009 conviction for first degree burglary, attempted sodomy, assault with intent to commit sodomy, two counts of forcible rape, and related enhancements, for which he was sentenced to an indeterminate term of 25 years to life plus a consecutive determinate term of 21 years, four months. (Dkt. No. 1 ("Ptn.") at 1; Dkt. No. 13-1 (state court opinion) at 2-3.) Respondent has filed an answer to the petition, and petitioner recently filed a traverse. (Dkt. Nos. 13, 24.)

        Pending before the court is petitioner's April 23, 2012 motion to stay this action in order to exhaust state remedies as to two new claims of ineffective assistance of counsel. (Dkt. No. 21.) Respondent has filed an opposition to the motion. (Dkt. No. 22.)

\\\\\

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Under Rhines v. Weber, 544 U.S. 269, 277-279 (2005), the court may stay a mixed petition containing both exhausted and unexhausted claims pending exhaustion of the unexhausted claims if petitioner shows that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies.

Here, petitioner's attempt to pursue the two ineffective assistance claims is clearly an afterthought prompted by respondent's briefing in this action. The context is as follows: The main body of the instant petition consists of petitioner's brief to the California Supreme Court, which raises five claims. However, in a handwritten supplement to the petition, petitioner asked the court to determine whether his trial counsel and appellate counsel were ineffective concerning the issue of DNA evidence. (Ptn. at 8.) In his answer, respondent construed these questions as two additional claims and argued that they were unexhausted. (Dkt. No. 13.) In his motion to stay, however, petitioner states that "[w]hen I asked those two question[s] to the court it was not my intention to make them into two new issues." He now seeks the chance to exhaust these claims so they may "be considered as issues." (Dkt. No. 21 at 1-2.)

Because petitioner's motion fails the good cause requirement under Rhines, the court has no need to consider whether these new claims are potentially meritorious. Thus the court will deny petitioner's motion to stay the case pending exhaustion of these claims.

As briefing is complete on the original petition, and because petitioner asserts that he never intended to raise the ineffective assistance claims to begin with, the court will not

require petitioner to file an amended petition deleting the unexhausted claims.[1]  Rather, the court will simply disregard the two handwritten questions and proceed to rule on the five claims briefed in the petition.

        Accordingly, IT IS HEREBY ORDERED THAT petitioner's April 23, 2012 motion to stay (Dkt. No. 21) is denied.

Dated: May 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
belt3365.stay

---

[1] The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.  Here, however, petitioner has clarified that he did not intend to raise the two unexhausted claims in the original petition.  Thus the court construes the petition as inartfully drafted, rather than "mixed."